UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCES PERSAUD, HEATHCLIFF PERSUAD,
VANESSA ANDRADE AND HAKEEM PERSUAD,
KNEANDREA BEDEAU,

                        Plaintiffs,

        -against-

THE CITY OF NEW YORK, THE NE W YORK CITY
POLICE DEPARTMENT, CAPTAIN FILASTIN SROUR,
DETECTIVE ANDREW NASH, POLICE OFFICERS "JOHN
DOE" #1 THROUGH #3 (first name being fictitious), first
name presently unknown, person more accurately described in
the complaint herein,

                        Defendants.
------------------------------------------------------------------X

Civil Action No.:
1:20cv-02057

AMENDED
COMPLAINT AND
JURY DEMAND

Venue is based on the
location of the acts giving
rise to this action

     Plaintiffs, by their attorneys, THE LAW OFFICE OF WALTER J. THOMPSON, as and for their Amended Complaint, against the Defendants, states and alleges as follows:

**PRELIMINARY STATEMENT**

     1.   Plaintiffs filed a Verified Complaint on July 14, 2020. This is an amendment of said Complaint, which Plaintiffs submit along with their Motion to Amend the Complaint, which seeks leave from this Court to amend the Complaint. Plaintiffs seek leave to amend their Complaint, specifically to amend the naming of a party against whom a claim is asserted, as is permitted under the Federal Rules of Civil Procedure.

     2.   Plaintiffs submit the instant Amended Complaint because it has obtained the identity of two previously unidentified New York Police Department officers who were described in plaintiffs' Verified Complaint as Police Officer "JANE DOE" 1 and one of the Police Officers previously identified as Police Officers "JOHN DOE" 1-4.

3. Through the discovery process, specifically, Defendants' FRCP Rule 26(a)(1)(A) disclosures, Plaintiffs were able to obtain the identity of Defendant Police Officer "JANE DOE" 1, who has been identified as Captain Filastin Srour.

4. Through the afore said process, Plaintiffs have also become aware of the identity of one of the Police Officers "JOHN DOE" 1-4, whose identity was previously unknown to Plaintiffs. Said Officer has been identified as Detective Andrew Nash (Shield No. 5497).

## NATURE OF THE CASE

5. This civil rights action arises from the defendants' police officers unlawful and improper arrest, imprisonment and confinement of all named plaintiffs, physical assault, abuse, battery and harassment of all named plaintiffs, and use of intimidation and excessive force upon plaintiffs at approximately 8:30 p.m. on or about July 4, 2018.

6. Plaintiffs seek declaratory relief pursuant to 28 U.S.C § 2201, declaratory and punitive damages for violation of plaintiff's civil rights pursuant to 42 USC 1981, 1983, 1984, 1985 and 1986 an award of costs, disbursements and attorney fees under 42 USC 1988. Plaintiffs also seek declaratory and punitive damages under state law tort claims.

## JURISDICTION

7. The action is dictated upon violations of plaintiffs' civil rights protected under the United States constitution inclusive of the 4th 5th and 14th amendment to the United States constitution actionable pursuant to 42 U.S.C.§ 1981, 1982, 1983, 1984, 1985, and 1986.

## VENUE

8. That venue for this action is placed in the County of the Bronx because that is the County of occurrence of the facts alleged herein pursuant to CPLR 504(3).

## NOTICE OF CLAIM

9. That on October 2, 2018, all named plaintiffs filed a Notice of Claim with the defendants, City of New York;

10. The Notice of Claim was delivered to the person designated by law as a person to whom such claims may be presented and served;

11. The Notice of Claim was in writing, sworn to by or on behalf of all named plaintiffs and contains the names and post office addresses of all named plaintiffs and plaintiffs' attorney, the nature of the claim, the time when, the place where, and the manner by which the claim arose, and the damages and injuries claimed to have been sustained;

12. That on or about November 2018, all named plaintiffs presented before the defendant city of New York, and gave testimony pursuant to General Municipal Law 50-H about the acts and the occurrence which gave rise to this action;

13. The defendant, city of New York, never requested a physical exam of all named plaintiffs;

14. Defendant, City of New York has failed and refused to pay and or adjust the claim within the statutory period of time;

## PARTIES

15. At all times hereinafter mention the plaintiff, FRANCES PERSUAD, is a resident of the County of New York State of New York.

16. At all times herein mentioned, the plaintiff, HEATHCLIFF PERSUAD is a resident of the County of New York State of New York.

17. At all times hereinafter mentioned, the plaintiff, VANESSA ANDRADE, is a resident of the County of New York State of New York.

18. At all times hereinafter mentioned, the plaintiff, HAKEEM PERSAUD, is a resident of the County of New York, State of New York.

19. At all times hereinafter mentioned, the plaintiff, KNEANDREA BEDEAU, is a resident of the County of New York, State of New York.

20. That at all times as stated herein, upon information and belief, defendant City of New York was and still is a Municipal Corporation organized and existing on the and by virtue of the laws of the city and state of New York.

21. Defendant, the City of New York, has established and maintains a Police Department which is an agency of the defendant, city of New York.

22. That all time stated herein, upon information and belief, defendant the city of New York employed the individual defendants police officers "JOHN DOE" # 1-3 whose first names are unknown to the plaintiffs.

23. That all time stated herein, upon information and belief, defendant the city of New York employed police officer Andrew Nash (Shield No. 5497) who is also a Detective.

24. That all time stated herein, upon information and belief, defendant the city of New York employed NYPD Captain Filastin Srour.

25. That all times stated herein, upon information and belief, Detective Andrew Nash, Captain Filastin Srour, and police officers "JOHN DOE" 1-3, were duly appointed as active police officers of the City of New York.

26. That at all times stated herein, upon information and belief, the individual defendants were acting under the color of state law.

27. That at all times stated herein, upon information and belief, the individual defendants were acting both in their individual and official capacities as employees of the defendant the city of New York.

28. Notwithstanding the unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful functions as agents, servants and employees of the city of New York.

## **FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF**

29. That at approximately 8:30 PM on July 4, 2018, all named plaintiffs were legally and lawfully in front of 2201 5th Avenue, in the County of New York, City and State of New York;

30. That at all time stated herein all named plaintiffs had not committed or attempted to commit any crime;

31. That at all times stated herein, all named plaintiffs were not sought by the police for any reason;

32. That at all times stated herein and upon information and belief, Detective Andrew Nash, Captain Filastin Srour, and police officers "JOHN DOE" 1-3 approached one of the plaintiffs, HAKEEM PERSUAD, without any cause;

33. That at all times stated herein Plaintiff FRANCES PERSUAD, approached Captain Filastin Srour, Detective Andrew Nash, and P.O. "JOHN DOE" 1-3 and inquired as to why said individual defendants were speaking to her brother, Plaintiff HAKEEM PERSUAD;

34. That at all times stated herein, defendant Captain Filastin Srour, with an aggressive tone and profanity screamed at Plaintiff FRANCES PERSUAD and in a violent and aggressive manner punched plaintiff FRANCES PERSUAD in the chest;

35. That at all times stated herein, Detective Andrew Nash then struck plaintiff with his walkie talkie over her head and both plaintiffs including three other family members which were not involved in the matter, were falsely arrested;

36. As a result, defendants wrongfully assaulted all named plaintiffs several times as well as seized plaintiffs in an excessive manner about their persons, causing them physical pain and mental suffering. At no time did the defendants have legal cause to grab, seize, assault or touch the plaintiffs, and nor did the plaintiffs consent to this illegal touching nor was it privileged by law;

37. That at all times stated herein, the defendants jointly and severely in their capacity of police officers committed an assault and battery upon plaintiffs;

38. The arrest was initiated and continued without probable cause to believe any crime has been committed by the named plaintiffs;

39. That at all times stated herein, the behavior of defendants was unjust and excessive as all named plaintiffs did not commit any act which would provoke such a response from defendants;

40. That all named plaintiffs had no knowledge of this confinement;

41. That all named plaintiffs did not consent to the confinement;

42. That all named plaintiffs were prevented from leaving the confinement;

43. That during this confinement, all named plaintiffs were fingerprinted, searched, and photographed by, and at the direction of, the defendants;

44. That at all time stated herein, all named plaintiffs were later transported to central booking by the individual defendants as stated herein;

6

45. That at all time stated here in all named plaintiffs were arraigned, released and all charges were dropped;

46. Plaintiffs sustained great fear, emotional harm, severe psychological distress, anxiety, disgrace, embarrassment and loss of self-esteem as a result of the aforesaid arrest, imprisonment, confinement, assault, intimidation and abusive behavior perpetrated upon all named plaintiffs by defendants as a result of the aforesaid referenced events including serious injuries which required medical treatment and caused or made plaintiffs to incur the cost for medical care;

### FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE 4TH 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION Predicated UPON FALSE ARRESTS IMPRISONMENT AND CONFINEMENT

47. All named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as it sets forth more fully here in;

48. As a result of the afford described actions, including the arrest, imprisonment and confinement of all named plaintiffs without probable cause, the defendants, Captain Filastin Srour, Detective Andrew Nash, and P.O "JOHN DOE" 1-3, individually deprived Plaintiffs of their rights, privilege and immunities secured by the constitution and laws of the United States and the 14th amendment;

49. As a result of the afore described actions, these defendants individually deprived all named plaintiffs of the right to be free from unreasonable searches and seizures secured by the constitution and laws of the United States and the 4th and 14th Amendment;

50. As a result of the aforementioned described actions, these defendants individually deprived all named plaintiffs of the right to Liberty, without due process of law, secured by the constitution and laws of the United States and the 5th and 14th Amendments;

51. As a result of the afore described actions, including the patently offensive physical conduct and threatening remarks made by defendants during the aforementioned arrest confinement and assault of all named plaintiffs, these defendants individually deprived all named plaintiffs of equal protection under the law secured by the constitution and laws of the United States and the 14th Amendment;

52. The afore described constitutional violations are all actionable under and pursuant to 42 USC 1980, 1981, 1982, 1983, 1984, 1985 and 1986;

53. The afore describe acts of these defendants were intentional, willful, malicious and performed with reckless disregard for and the deliberate indifference to the rights of all named Plaintiffs herein;

54. As a result of the foregoing, defendants, individually and or collectively, by and through their agents, servants and employees, placed all named plaintiffs in apprehension of imminent harmful and offensive contact, thereby committing an assault upon all named Plaintiffs;

55. As a result of the foregoing all named plaintiffs have suffered damages;

## SECOND CAUSE OF ACTION ON BEHALF OF ALL NAMED PLAINTIFFS FOR BATTERY

56. All named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as set forth more fully herein;

8

57. As a result of the foregoing, all the named plaintiffs were, without just cause or provocation, vigorously, maliciously, intentionally battered, and emotionally and psychologically abused, causing serious psychological and emotional harm to all named plaintiffs;

58. That at the time and place aforesaid, the defendants, individually, and or collectively, by and through their agents, servants and or employees, without just cause or provocation, vigorously, maliciously, recklessly, and or intentionally, battered and physically abused all named plaintiffs causing serious injury to all named plaintiffs;

59. That the occurrence and injuries sustained by all named plaintiffs, were caused solely by the malicious, reckless, and or intentional conduct of the defendants, individually and or collectively, by and through their agents, servants and or employees, without any provocation on the part of all named plaintiffs contributing thereto;

60. As a result of the foregoing, all named plaintiffs have suffered damages;

### THIRD CAUSE OF ACTION ON BEHALF OF ALL NAMED PLAINTIFFS FOR FALSE ARREST AND IMPRISONMENT

61. All named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

62. As a result of the foregoing, all named plaintiffs were, without just cause or provocation, maliciously, recklessly, and or intentionally arrested and imprisoned without probable cause resulting in an unlawful confinement, deprivation of Liberty, and other serious emotional injury to all named plaintiffs;

63. That the occurrence and injuries sustained by all named plaintiffs were caused solely by the malicious, reckless, and or intentional conduct of the defendants, individually and

or collectively, by and through their agents, servants and or employees, without any provocation on the part of the named plaintiffs contributing thereto;

64. As a result of the foregoing, all the named plaintiffs have suffered damages;

## FOURTH CAUSE OF ACTION ON BEHALF OF ALL NAMED PLAINTIFFS FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

65. All named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if it set forth more fully herein;

66. As a result of the foregoing, defendants, individually and or collectively, by and through their agents, servants and or employees, intentionally, wantonly, recklessly, carelessly, and or negligently, engaged in extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon all named plaintiffs;

67. As a result of the foregoing, all named plaintiffs have suffered damages;

## FIFTH CAUSE OF ACTION ON BEHALF OF ALL NAMED PLAINTIFFSFOR NEGLIGENT SUPERVISION AND RETENTION

68. All named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as it is set forth fully herein;

69. At all times hereinafter mentioned, the defendant, City of New York, by its agents, servants and or employees, carelessly, negligently, and recklessly hired applicants for the position of police officers;

70. That at all times hereinafter mentioned, the defendant, City of New York, by its agents, servants and or employees carelessly, negligently, and recklessly trained applicants for the position of police officers;

71. That at all times hereinafter mentioned, the defendant, City of New York, by its agents, servants and or employee carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of its police officers;

72. That at all times hereinafter mentioned, the defendant, City New York, by its agents, servants and or employees, caused, permitted and allowed its police officers to act in an illegal, unprofessional, negligent and or deliberate manner in carrying out their official duties and or responsibilities;

73. That at all times hereinafter mentioned, the defendant, City of New York, by its agents, servants and or employees, carelessly, negligently and recklessly retained its police officers who were clearly unfit for the position, who acted in an illegal, unprofessional, negligent and or deliberate manner in carrying out their official duties and or responsibilities prior to the date of the incident complained herein;

74. That at the time and place aforesaid, the defendant City of New York, by its agents, servant and or employees, without just cause of provocation, maliciously, recklessly, and or intentionally, assaulted, psychologically abused, attacked, threatened, intimidated, falsely arrested and imprisoned, all named plaintiffs herein causing serious personal injury to plaintiffs;

75. At the aforementioned occurrence, an injury sustained by all named plaintiffs more specifically FRANCES PERSUAD, was caused solely by, and as a result of the malicious, reckless, negligent, and or intentional conduct, of the defendant, City of New York, its agents, servants, and or employees as set forth above, without any provocation on the part of the

11

plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers and Police Department;

76. As a result of the foregoing plaintiffs have suffered damages;

### SIXTH CAUSE OF ACTION ON BEHALF OF ALL NAMED PLAINTIFFS FOR PUNITIVE DAMAGES

77. That all named plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as it is set forth more fully herein;

78. That the aforesaid occurrence and resulting injuries to plaintiffs was due to the willful, wanton, reckless, and or malicious conduct of the individual defendants Captain Filastin Srour, Detective Andrew Nash, and POLICE OFFICERS "JOHN DOE" 1-3;

79. That the aforesaid occurrence and resultant injuries to all named plaintiffs were due to the conduct of these defendants, which reflects an utter indifference to the safety and well-being of others, and specifically the safety and well-being of all named plaintiffs;

80. That the conduct of these individual defendants exhibited a reckless disregard for human life and the safety and well-being of others, and more particularly, for the life, safety and well-being of all named plaintiffs;

81. As a result of the foregoing, all named plaintiffs have suffered damages;

**WHEREFORE**, all named plaintiffs respectfully request that judgment be entered against the defendants on all causes of action in a sum in excess of the threshold of this court and such other and further relief as this court may deem just and proper, together with attorney fees and cost of bringing this case, and punitive damages.

Plaintiffs hereby demands a jury trial on all triable issues.

Dated:        New York, New York
              January 9, 2022

                                      Yours, etc.

                                      Walter John Thompson, Esq.

                                      LAW OFFICE OF WALTER J. THOMPSON
                                      *Attorneys for Plaintiffs*
                                      250 W 57th Street, Ste. 1632
                                      New York, NY 10107
                                      (646) 670-1672
                                      File #: 2000013

## ATTORNEY VERIFICATION

WALTER J. THOMPSON, ESQ. being an attorney duly licensed to practice law in the State of New York, attorneys of record for the plaintiffs, hereby affirms the truth of the following statements, all under penalty of perjury:

That affirmant has read the foregoing **VERIFIED AMENDED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, this entire SUMMONS AND VERIFIED COMPLAINT, being based upon information and belief the source thereof being the investigation conducted and the file maintained in this office, and as to those matters affirmant believes it to be true; the reason that this verification is not made by plaintiff is that plaintiff does not reside in the county of New York wherein affirmant maintains an office.

Dated:    New York, New York
          January 9, 2022

_____
Walter John Thompson, Esq.